## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**JAMES O. PAYNE,**

       **Petitioner,**

**v.**                                                    **Civil Action No. 5:17cv89**
                                                                          **(Judge Stamp)**

**S. KALLIS, Warden,**

       **Respondent.**

## **REPORT AND RECOMMENDATION**

### I. Introduction

On June 16, 2017, the *pro se* Petitioner, James O. Payne, an inmate then incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he indicates that he is challenging his conviction and sentence. The Petitioner has satisfied the filing fee.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

### A. Conviction and Sentence

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:13cr170 in the United States District Court for the Middle District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On August 21, 2013, a grand jury sitting in the Middle District of Pennsylvania returned a one count indictment charging the Petitioner with Distribution and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. On November 27, 2013, the Petitioner pleaded guilty to a one count information charging Distribution and Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a). ECF No. 27. The Petitioner was determined to be a career offender based on prior Pennsylvania convictions for unlawful delivery of cocaine and simple assault. His sentencing guideline range was determined to be 151 months to 188 months based on a total offense level of 29 and a criminal history category of VI.

On May 27, 2014, the Court adopted the PSR, granted a downward departure pursuant to U.S.S.G. § 4A1.3, granted a downward variance based on factors set forth at 19 U.S.C. § 3553(a) and sentenced the Petitioner, as a career offender, to 120 months.

**B. Appeal**

The Petitioner did not file a direct appeal.

**C. Motion to Vacate**

On June 18, 2016, the Petitioner, by counsel, filed a Motion to Correct Sentence Under § 2255 in light of the decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Petitioner argued that the career offender provision in the Guidelines included a residual clause identical to the residual clause of the Armed Career Criminal Act, which SCOTUS found to be unconstitutionally vague. The Petitioner argued more specifically that in light of Johnson, his Pennsylvania conviction for simple assault, in violation of 18 Pa. C.S. § 2701(a), no longer qualified as a crime of violence. ECF No.

47. On May 22, 2017, the Petitioner filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a). ECF No. 57.

### D.     Instant § 2241 Petition

The Petitioner indicates that his petition concerns both his conviction and sentence. However, he has presented no specific argument as to why his conviction is erroneous. With respect to his sentence, the Petitioner cites to the Supreme Court's decision in Mathis.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "Johnson could not be used to make a void for vagueness challenge nor was it made retroactive for career offender challenges under the 2255 motion." ECF No. 1 at 9. For relief, the Petitioner requests that this Court vacate and/or remand for resentencing without the application of the career offender enhancement. The Petitioner also appears to allege that based on Amendment 782[2], his sentencing guideline would be reduced to 77-96 months.  ECF No. 1 at 8.

### III. Legal Standard

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see

---

[2] Amendment 782 reduced the base offense level by two levels for most drug offenses. The Commission later made the amendment 782 retroactive for defendants, who like the Petitioner, already had been sentenced under the higher offense levels. Amendment 788.

3

<u>also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

      **B.    Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**C.     Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, §

---

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

6

2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Although the Petitioner appears to assert that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. First, to the extent that the Petitioner is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones. With respect to his challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because the Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

The Petitioner relies on Mathis v. United States[5], 136 S.Ct. 2243 (2016) for his argument that his sentence was improperly enhanced. However, the Petitioner's reliance on this case is misplaced. Mathis does not apply retroactively in this Circuit. Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018).  See also Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that Mathis is not retroactive*)*; Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is not retroactive). Accordingly, the Petitioner cannot meet the second prong of Wheeler.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

With respect to the Petitioner's assertion regarding Amendment 782, the same would not appear to satisfy the Wheeler test. Moreover, the Petitioner filed a Motion pursuant to 18 U.S.C. 3562(c)(2) and Amendment 782 and 788 in the sentencing court on February 4, 2015. See 1:13cr160, ECF No. 42. On April 3, 2017, the sentencing court denied that motion. ECF No. 56.  Clearly that ruling is *res judicata*, and it would be improper for this Court to consider Amendment 782.

---

[5] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

In summary, because the Petitioner cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 12, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE