IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES O. PAYNE,

            Petitioner,

v.                                    Civil Action No. 5:17CV89
                                                       (STAMP)
S. KALLIS, Warden,

            Respondent.


               **MEMORANDUM OPINION AND ORDER
               AFFIRMING AND ADOPTING REPORT AND
               RECOMMENDATION OF MAGISTRATE JUDGE**

                    I.  Procedural History

    The pro se[1] petitioner, James O. Payne, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

    The magistrate judge filed a report and recommendation recommending that this matter be dismissed without prejudice. ECF No. 6 at 9. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id. Neither party filed objections.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

II. Facts

The pro se petitioner is currently incarcerated at FCI-Allenwood Low, where he is serving a sentence imposed by the United States District Court for the Middle District of Pennsylvania. ECF Nos. 5 at 1, 6 at 2. The petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he alleges that the "[p]rior conviction of simple assault 2701(d) [was] used to enhance as a career offender, although Pennsylvania simple assault is no longer a crime of violence in Pennsylvania. It is no longer a violent felony in light of Mathis." ECF No. 1 at 5. The petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because "Johnson could not be used to make a void for vagueness challenge nor was it made retroactive for career offender challenges under the 2255 motion." ECF No. 1 at 6, 9. In the petition, the petitioner requests that this Court vacate and/or remand for resentencing without the application of the career offender enhancement. ECF No. 1 at 8. Moreover, the petitioner argues that based on Amendment 782 to the Sentencing Guidelines, his sentencing guideline range would be reduced to 77-96 months based on a level of 21. Id.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge finds that the petitioner is not entitled to relief under the savings clause. ECF No. 6 at 7. The magistrate judge begins by stating that a remedy under § 2255 is inadequate or ineffective when all three of the following conditions are satisfied:

> (1) at the time of the conviction, settled law of [the Fourth Circuit] or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [§] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of [§] 2255 because the new rule is not one of constitutional law.

Id. at 6 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added)). The magistrate judge then concluded that to the extent petitioner is challenging his conviction, the crimes for which he was convicted of remain criminal offenses, and therefore he fails to meet the second element of Jones. Id.

3

The magistrate judge then proceeded to apply the Wheeler test. Id. at 7. Under this test, § 2255 is "inadequate and ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 7 (citing United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added)). The magistrate judge finds that the petitioner cannot meet the second element in Wheeler because any change to settled law which established the legality of the petitioner's sentence has not been deemed to apply retroactively to cases on collateral review, and, therefore the petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy. Id.

Moreover, the magistrate judge found that with respect to the petitioner's argument regarding Amendment 782, since the petitioner previously filed a motion pursuant to 18 U.S.C. § 3562(c)(2) and Amendment 782 and 788 in the sentencing court, and because the sentencing court denied that motion, res judicata applies and the Court cannot consider this argument. Id. at 8. This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

4

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 7) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 5, 2018

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE